ANNA E. VAN OSTEN, complainant,

*v.*

JOHN S. VAN OSTEN, defendant.

[Heard and determined September 8th, 1924.  Opinion filed October 1st, 1924.]

### Divorce—Support of Wife Before Decree—Proper Amount Under All Circumstances.

On petition for divorce.  On hearing at return of order to show cause for alimony *pendente lite.*

*Mr. Grover C. Richman,* for the complainant.

*Mr. Walter S. Keown,* for the defendant.

LEAMING, V. C. (orally).

The situation that we here encounter is one that we are meeting all the time. Until there is a divorce, complainant is Mr. Van Osten's wife and he is Mrs. Van Osten's husband, and on him, as the husband, falls the common law duty of support. It is, accordingly, at this time, simply a question of how much, under all the circumstances, he ought to pay. That duty of support he owes not only to her, but he owes it to the community and he owes it to society, unless and until, as the court of errors and appeals says, he is relieved of the obligation by divorce.

I have refreshed my memory touching the divorce case by reading the stenographic notes of the conclusions which I reached at that time, and my memory has been sufficiently refreshed to enable me to remember with a good deal of distinctness almost all the testimony that was introduced at that trial, and I recall very well the conviction that I then had that neither of these unfortunate people was willing to live with the other. Both tried to maintain an attitude of anxiety for the other's return; the husband, especially, made some efforts of that nature, which efforts I became satisfied were clearly half-hearted and largely in the nature of a bluff. In other words, he tried to invite his wife to come back to him without any wish to succeed, and, in fact, with a hope that he would not succeed, and the nature of his overtures were well calculated to induce his wife not to return; and on her part I thought there was a similar determination not to live with her husband unless she was compelled to do so, and under those circumstances there seemed nothing to do but to dismiss both the petition and the cross-petition, and in that view I still think I was right. The result is that she is still his wife, and unless he makes some real effort to get her back—brings about a situation that really would

impel a woman to go back with the belief that in going back she would be accorded the privileges of a wife—unless he does something more than use empty words in apprising her of the fact that he is willing to receive her back, and actually does something that is calculated to induce her to return, with the understanding that she is to be accorded the privileges of a wife—unless, I say, he does something of that kind, the obligation is on him to supply support for her in a reasonable amount. So, I will say again, the only question is, what is a reasonable amount, and that I am finding a good deal of difficulty in determining in my own mind.

Perhaps I should not say what has often come to my mind, but I somewhat doubt whether at this day the obligation of the husband to seek his wife's return should be said to be greater than the obligation of a wife to bring about a reunion; I have often wondered whether that doctrine, if first brought under consideration, would be thought sound, but it is the law as it is defined to-day, and I suppose it must be accepted as the law until our court of errors and appeals determines otherwise; but I have long entertained the view in these matters of preliminary allowances in favor of a wife that while the amount should be adequate, so far as the husband's ability to pay will permit, it should not be made so large as to encounter the danger of an unnecessary amount or to encourage preliminary applications where they are unnecessary. It may be that on final hearing we will be able to ascertain with definiteness that the defendant's income is more than he has disclosed at this time, or that his necessary expenses are less than he now claims, but until then I think I have got to accept his testimony, as set forth in his affidavit, touching his income and his expenses. If that be accurate he has but about $10 a week above his expenses, without including in his expenses his own clothing and the clothing of his child. If that be true, an order for $5 a week is quite all that should be made at this time as a preliminary order. Even that may be crowding his net income

pretty close, for he is giving his wife more than half, if the truth is as set forth in the affidavit.

I will fix the order for $5 a week. It is not a matter of very much importance, I suppose, because it will be only a short time before final hearing can be had, when we can probably ascertain more satisfactorily what is right.